```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  JONATHAN A. TAVAREZ,

                      Plaintiff,             MEMORANDUM & ORDER
                                             22-CV-5361 (EK)(JRC)

              -against-

  POLICE OFFICER ALEX E. HOJNOWSKI,

                      Defendant.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

       Plaintiff Jonathan Tavarez initiated this civil rights action against Detective Alex Hojnowski of the New York Police Department by filing a complaint in the Southern District of New York.  The case was transferred to this district within the week, as the actions described in the complaint all occurred in Queens County.  Since filing his complaint, Tavarez has failed to comply with court orders, to oppose defendant's motions, or to communicate with the court in any manner.  In short, he has failed to prosecute this case.  Accordingly, defendant's motion to dismiss is granted.

                             **I.   Background**

**A.   Factual History**

       The following facts are drawn from Tavarez's form complaint, and are interpreted liberally in accordance with his *pro se* status.  Complaint, ECF No. 2; *see also Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007). When he filed the complaint on August 26, 2022, Tavarez was in pretrial detention on Riker's Island and provided his address as 18-18 Hazen Street, East Elmhurst, New York 11370. *Id.* at 2. Tavarez alleged that in the early morning on January 16, 2017, he "was wrongfully arrested . . . for a weapon that wasn't mine when I was walking home from work" in Queens. *Id.* at 4. According to the complaint, he was then "held incarcerated for (19) nineteen months" until the charges were dismissed in July 2019. *Id.*

Tavarez used a form complaint issued to him by the Clerk's Office in the Southern District. That form advised Tavarez — under a section titled "Plaintiff's Certification and Warnings," which he signed — that "failure to keep a current address on file with the Clerk's Office may result in the dismissal of [his] case." *Id.* at 6.

B. **Procedural History**

Hojnowski sought a pre-motion conference on his contemplated motion to dismiss. ECF No. 15. Tavarez failed to respond, and one month later the court ordered him to file his response by March 20, 2023. The court mailed that order — along with a copy of the court's Individual Rules and Practices — to Tavarez's address on Riker's Island. March 6, 2023 Order. That mailing was returned as undeliverable on March 27. ECF No. 17. As a result, the court ordered Tavarez on the docket to update

2

his address and warned him that failure to do so "is a sufficient ground to dismiss for failure to prosecute." March 28, 2023 Order. The court also ordered the City's Corporation Counsel to provide Tavarez's last known address. *Id.*

Thereafter, Tavarez failed to update his address or otherwise communicate with the court. On April 7, 2023, the Corporation Counsel provided the court with Tavarez's last known address prior to incarceration — a specified apartment on Linden Boulevard in South Ozone Park. ECF No. 18. The court directed the Clerk of Court to update the docket with that address, and mailed a copy of the order doing so — as well as the court's March 6 and March 28 orders — to the Linden Boulevard address. May 16, 2023 Order.

The court then scheduled a pre-motion conference for July 24, 2023, and mailed the scheduling order to the Linden Boulevard address. June 12, 2023 Order. Tavarez failed to appear at that conference, and the court set a briefing schedule for the defendant's motion to dismiss. *Id.* Tavarez did not file any opposition to the motion and has not otherwise communicated with the court since he filed his original complaint in the Southern District of New York twenty months ago.

## II. Legal Standard

Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Such dismissals are "largely a matter of the [district] judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966).[1] The Supreme Court has recognized that such dismissals are necessary "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).

In the Second Circuit, district courts consider five factors before dismissing a case under Rule 41(b): whether "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court"; and (5) "the efficacy of lesser sanctions." *U.S. ex rel. Drake v. Norden Syst's., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). No

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

one factor is dispositive, and a court must review the record as a whole. *Id.*

### III. Discussion

Tavarez has failed entirely to participate in the prosecution of his case. All five *Drake* factors weigh in favor of dismissal.

First, he caused a delay of significant duration. Although there "is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal," "[d]elays of several months" have been found sufficient. *Caussade v. United States*, 293 F.R.D. 625, 629-30 (S.D.N.Y. 2013) (collecting cases). Even shorter delays justify dismissal where the plaintiff has failed to update his address with the court, because making himself "inaccessible . . . strongly suggests that he is not diligently pursuing [his] claim." *Dong v. United States*, No. 2-CV-7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004). Here, Tavarez has not pursued his claim in any manner for over a year and a half and has failed to update his address despite the order directing him to do so over a year ago. *See* March 28, 2023 Order.[2]

---

[2] Defense counsel notes two communications since August 26, 2022 between the parties. First, Tavarez mailed the Corporation Counsel an executed general release which was received on October 21, 2022. *See* ECF No. 23-2. And second, defense counsel successfully placed a call to Tavarez at Riker's

Second, Tavarez was on notice that failure to respond to court orders or update his address could result in dismissal. The form complaint explicitly warned him as much, Complaint at 6, and the court specifically informed him that failure to update his address "is a sufficient ground to dismiss for failure to prosecute." March 28, 2023 Order. Judge Cho's initial order granting Tavarez's request to proceed *in forma pauperis* also informed him that failure to update his address "may result in dismissal of the case." ECF No. 7. Courts in this circuit have dismissed for failure to prosecute after one, *Leybinsky v. United States Citizenship and Immigration Services*, No. 19-CV-6154, 2020 WL 7295661, at *2 (E.D.N.Y. Dec. 2, 2020), two, *Chavis v. City of New York et al.*, No. 17-CV-9518, 2018 WL 6532865, at *4 (S.D.N.Y. Oct. 12, 2018), and three warnings to a plaintiff. *Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022).

Third, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *see Lopez v. Pichardo 2230 Restaurant Corp.*, 734 F. App'x 16, 18 (2d Cir. 2018). A defendant "should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no

---

Island "before the filing of Defendant's January 17, 2023 letter." ECF No. 25, at 15.

6

interest in pursuing that lawsuit." *Baptiste v. Gonzalez*, No. 17-CV-6837, 2020 WL 1165689, at *5 (S.D.N.Y. Mar. 11, 2020).

Fourth, the court "has a strong interest in managing its docket and cannot indefinitely wait for [Tavarez] to turn his attention to this case." *Pena*, 587 F. Supp. 3d at 114. Although the court's interest in managing its docket must be weighed against Tavarez's interest in pursuing his claims, his "failure to comply with the court's order or make an attempt to prosecute this case dismisses his right to have the court hear his claim." *George v. Cousins Printing LLC*, No. 6-CV-6135, 2008 WL 4093057, at *2 (S.D.N.Y. Sept. 2, 2008).

Finally, the court must consider the possibility of lesser sanctions. But "[s]ince this Court has no way to contact Plaintiff, an additional order for [him] to update [his] address will have no effect." *Baptiste*, 2020 WL 1165689, at *6. Any "[l]esser sanctions cannot be effective in this case because any other sanction imposed on the plaintiff would likely never reach the plaintiff due to the plaintiff's failure to provide a current address." *Salem v. City of New York*, 16-CV-7562, 2017 WL 6021646, at *8-9 (S.D.N.Y. Dec. 4, 2017). Here, Tavarez's conduct precludes any lesser sanctions.

## IV. Conclusion

Hojnowski's motion to dismiss for failure to prosecute pursuant to Rule 41(b) is granted and Tavarez's complaint is

7

dismissed in its entirety without prejudice.  The Clerk of Court is respectively directed to mail a copy of this order to Tavarez and to close the case.

      SO ORDERED.

                                                      /s/ Eric Komitee  
                                                    ERIC KOMITEE  
                                                    United States District Judge

Dated:     April 17, 2024  
            Brooklyn, New York